IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORTHWEST OHIO PROPERTIES, LTD.,

                    Plaintiff,          Case No. 3:11 CV 1867

   -vs-

                                    MEMORANDUM OPINION

LUCAS COUNTY, et al.,

                    Defendant.

KATZ, J.

## I. Introduction

Plaintiff Northwest Ohio Properties, Ltd. ("NWOP") brings this 42 U.S.C. § 1983 civil rights action against Defendants Lucas County, Watermark Properties, Ltd. V, Gulfstream Development, LTD, Gulfstream Development LTD II, Waterside Sylvania, LLC, Ankney Enterprises, Inc. and John Does 1-30 (collectively "Defendants") alleging certain Constitutional violations and supplemental state law claims stemming from alleged easement-agreement violations by Defendants. (Doc. No. 19).

Defendant Lucas County has moved to dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 37). NWOP has filed an opposition (Doc. No. 44), Defendant Lucas County has filed a reply (Doc. No. 47), and NWOP has filed a sur-reply (Doc. No. 49). For the reasons explained below, the motion to dismiss will be granted.

## II. Background

This case involves a dispute as to whether Defendants Watermark Properties, Ltd. V, Gulfstream Development, LTD, Gulfstream Development LTD II, Waterside Sylvania, LLC, Ankney Enterprises, Inc., and John Does 1-30 violated the terms of an easement agreement with

NWOP by constructing a forced sewer line across NWOP's property without installing or approving two free taps into the line for NWOP's use. As a result, NWOP claims Defendant Lucas County has permitted and overseen the transmission of raw sewage across NWOP's property without "any consideration to NWOP for the appropriation/use of its property." (Doc. No. 44 at 2).

Given the nature of the pending motion, the Court will not set forth the facts in detail. Briefly, NWOP initially agreed to provide an easement to Defendants Watermark and Ankney Enterprises for the construction a gravity-sanitary sewer line across its property in exchange for consideration in the form of two free taps into the line following its completion. (Doc. No. 19 at ¶¶ 35-38). Construction of the sewer line was approved by Defendant Lucas County. (*Id.* at ¶¶ 40-41). The sewer line was ultimately installed and connected to Lucas County's existing sanitary sewer infrastructure by the non-Governmental Defendants under the oversight and approval of the Lucas County Engineer. (*Id.* at ¶¶ 39-40). However, the type of line installed was a force main instead of the gravity-fed line agreed upon by the parties. (*Id.* at ¶ 45).

Since the construction of the line across NWOP's property, Lucas County has allegedly refused to approve NWOP's entitlement to the two, previously agreed upon taps. (*Id.* at ¶ 47). In 2009, Defendant Watermark was placed into receivership. Since that time, Defendant Lucas County has operated and maintained the sewer line without compensation to NWOP. (*Id.* at ¶¶ 57-58). Defendant Lucas County has never accepted ownership of the sewer line.

In seeking relief, NWOP asserts a variety of supplemental state law tort claims against the Defendants. NWOP also asserts one federal claim against Lucas County brought under § 1983

and the Fifth and Fourteenth Amendments. With respect to the federal claim, NWOP specifically

states:

### COUNT ONE – VIOLATION OF NWOP'S FEDERAL CIVIL RIGHTS
### (against Lucas County)

66. The Fifth Amendment to the United States Constitution prohibits the taking of private property for public use without just compensation, and this prohibition is applicable to the States pursuant to the Fourteenth Amendment to the United States Constitution.

67. Lucas County was therefore prohibited under the United States Constitution from taking NWOP's property rights without just compensation.

68. Further, Lucas County was prohibited under the United States Constitution from taking plaintiff's property and transferring same to another private party, even if compensation was paid.

69. 42 U.S.C. § 1983 provides, *inter alia*, that persons who have been deprived of Constitutional rights may utilize the statute to secure both legal and equitable relief.
. . . .

77. Lucas County's acts and procedures have wrongfully denied plaintiff of its property and liberty interests without due process of law as required by the Fourteenth Amendment to the United States Constitution.

78. Lucas County's actions were unreasonable in light of plaintiff's clearly established constitutional rights.

79. Lucas County was, and is, unable to use the power of eminent domain to obtain any of NWOP's property rights in this instance, as the appropriation of NWOP's rights has been undertaken for a private transfer and use, and not a public one.

80. Lucas County's conduct directly and proximately caused a deprivation of federally protected rights of NWOP.

(Doc. No. 19).

The parties do not dispute that NWOP has failed to seek compensation by way of a state court writ of mandamus or state court actions in conversion and restitution.

### III. Standard of Review

Because Defendant Lucas County filed their motion to dismiss subsequent to filing their answer, NWOP argues Defendant Lucas County's motion to dismiss pursuant to Rule 12(b)(1) should be converted into one for judgment on the pleadings pursuant to Rule 12(c). (Doc. No. 48-1 at 1). It is well settled that parties cannot consent to subject matter jurisdiction where it is lacking, nor can they waive it. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004). Therefore, "'[t]he existence of subject matter jurisdiction may be raised at anytime, by any party, or even *sua sponte* by the court itself.'" *Ogle v. Church of God*, 153 F. App'x 371, 374 (6th Cir. 2005) (quoting *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005)). The court must determine whether subject matter jurisdiction exists before making any decision on the merits. *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Therefore, a court may not convert a post-answer, Rule 12(b)(1) motion to dismiss into a Rule 12(c) motion for judgment on the pleadings because "a decision on the merits cannot be decided without first determining whether subject matter jurisdiction is proper, regardless of whether the court used the factual record to resolve that threshold inquiry." *Ogle*, 153 F. App'x at 374-75. Accordingly, the Court will use the lack of subject matter jurisdiction standard of review pursuant to Rule 12(b)(1).

Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Moir*, 895 F.2d at 269. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

A facial attack challenges the sufficiency of the pleading itself. Where the Rule 12(b)(1) motion presents a facial attack, the Court accepts the material allegations in the complaint as true

4

and construes them in the light most favorable to the nonmoving party, similar to the standard for a Rule 12(b)(6) motion.  *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)).  For a facial attack, the plaintiff can survive a Rule 12(b)(1) motion to dismiss by showing that the complaint alleges a claim cognizable under federal law and the claim is "substantial."  *Moher v. United States*, 875 F. Supp. 2d 739, 748-49 (W.D. Mich. 2012).  A claim is substantial unless prior court decisions inescapably render it frivolous.  *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610-11 (6th Cir. 2008); *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002)).  A plaintiff can survive a facial attack by showing any arguable basis in the law for his claims.  *Metro Hydroelectric*, 541 F.3d at 610-12; *Board of Trustees v. City of Painesville*, 200 F.3d 396, 398 (6th Cir. 1999).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Where the motion presents a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the Court weighs the evidence to determine whether subject matter jurisdiction exists.  On a factual attack, the Court has broad discretion to consider extrinsic evidence, including affidavits and documents, and can conduct a limited evidentiary hearing if necessary.  *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  The district court's factual findings, however, do not bind the Court in future proceedings, and "[t]he res judicata effect of a 12(b)(1) motion is . . . limited to the jurisdictional issue."  *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

Here, Defendant Lucas County presents a facial attack on subject matter jurisdiction. Therefore, the Court will not consider extrinsic evidence and accepts the material allegations in the amended complaint as true, construing them in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598.

## IV. Discussion

**Section 1983 Claims**

Section 1983 is not itself a source of substantive rights, but rather provides a right of action for the vindication of independent constitutional guarantees. *Bradley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990). To state a claim under § 1983, a plaintiff must establish both that the defendant acted under the color of state law, and the defendant deprived him of a federal statutory or constitutional right. *United States v. Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992).

The Fifth Amendment's Takings Clause prohibits appropriation of private property for public use where just compensation is not paid. U.S. Const. amend. V; *Peters v. Fair*, 427 F.3d 1035, 1037 (6th Cir. 2000). A takings claim is not ripe for federal review, however, until plaintiffs have sought just compensation by available state procedure. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985); *Coles v. Granville,* 448 F.3d 853 (6th Cir. 2006). On the other hand, when a party claims their property is taken for a strictly private use, state eminent domain proceedings are unnecessary to determine whether there has been a constitutional violation. *Montgomery v. Carter Cnty., Tennessee*, 226 F.3d 758, 766-76 (6th Cir. 2000). This is because "[p]rivate-use takings, rare as they may be, are unconstitutional regardless of whether just compensation is paid." *Id.* at 766.

Lucas County argues that the Court does not have subject matter jurisdiction over NWOP's § 1983 claims because NWOP failed to exhaust statutory appropriation procedures required by the State of Ohio for Fifth Amendment takings claims. Because jurisdiction over NWOP's state law claims is premised upon federal questions jurisdiction over its § 1983 claims, Lucas County also argues the Court does not possess supplemental jurisdiction over the state law claims and the entire amended complaint should be dismissed without prejudice.

Despite citing the Takings Clause, NWOP argues this is not a "takings" case. (Doc. No. 44 at 4). Instead, NWOP argues its allegations combine to create a colorable – yet unspecified – due process claim because Lucas County "took its property rights and transferred them to a *private* party, not for public use." (Doc. No. 44 at 5) (emphasis in original). Because of this private use, NWOP contends they were not required to exhaust state post-deprivation remedies before filing in federal court. Stated otherwise, NWOP argues their claim is a due process claim – not a takings claim – because the taking was not for "public use." Therefore, this case turns on whether the installation of a sewer line maintained and operated by Lucas County for the benefit of Waterside Sylvania residents constitutes "public use" or "public purpose" within the meaning of the Takings Clause. The Court finds that it does.

NWOP implies that any use of the sewer line should be presumed private because Defendant Lucas County has not accepted ownership of the sewer line. NWOP, however, has set forth no authority to support that property must be conveyed to a municipality to constitute public use. Instead, it appears NWOP has "repackaged a takings claim as a . . . due process violation for

7

purposes of filing a § 1983 action in federal court." *Choate's Air Conditioning & Heating Inc. v. Light, Gas, & Water Div. of the City of Memphis*, 16 F. App'x 323, 331-332 (6th Cir. 2001).[1]

The concept of public use must be liberally construed. *Kelo v. City of New London*, 545 U.S. 469, 480 (2005) ("without exception, our cases have defined the [public purpose] concept broadly, reflecting our deference to legislative judgments in the field."). As a result, the test for public use is not onerous. The Sixth Circuit merely requires a taking be "rational[ly] connect[ed] to a minimally plausible conception of the public interest." *Montgomery*, 226 F.3d at 768 (defining a private-use taking as one where there is "no rational relationship to come conceivable purpose). Not surprising, [v]ery few takings will fail to satisfy [this] standard." *Montgomery*, 226 F.3d at 766-76 (explaining that "it is easy to allege something in a complaint in order to state a cognizable federal claim, it is much more difficult to actually prove it, . . . .").

On the facts pled in NWOP's amended complaint, the Court is not persuaded this is one of the "rare real-life example[s]" of a private use taking. *See Montgomery*, 226 F.3d 758. NWOP admits "Lucas County has been collecting sewer fees from the residents of Waterside Sylvania." (Doc. No. 18 at ¶ 52). Therefore, based on the facts in the amended complaint, NWOP acknowledges the sewer line at issue benefits the residents who purchased homes in Waterside Sylvania and are now paying Lucas County for public sewer services. This clearly demonstrates

---

[1] NWOP attempts to dissuade the Court from applying the Sixth Circuit's holding in *Choate's* because that case involved the application of Tennessee's eminent domain law. This argument is irrelevant, however, because the test for public use under the Takings Clause of the United States Constitution remains the same. *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 245 (1984) ("A purely private taking could not withstand the scrutiny of the public use requirement; it would serve no legitimate purpose of government and would thus be void.").

"a rational connection to a minimally plausible conception of the public interest." *Montgomery*, 226 F.3d at 768.

Because violations of substantive and procedural due process ancillary to a takings claim are subject to this ripeness requirement, those claims also fail to create a jurisdictional hook. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005); *Peters v. Fair*, 427 F.3d 1035, 1037 (6th Cir. 2005). When "the injury [a plaintiff] seeks to redress is harm to their property amounting to a 'deprivation' in constitutional terms, a final judgment is required . . . ." *Bowers v. City of Flint*, 325 F.3d 758, 762 (6th Cir. 2003); *see also Williamson*, 473 U.S. 172 at 194. Accordingly, NWOP's § 1983 claims are dismissed without prejudice, allowing NWOP to reassert these claims, should they become ripe in the future.

**Supplemental Claims**

28 U.S.C. § 1367(c)(3) allows the Court to decline to exercise supplemental jurisdiction over state law claims if this Court "has dismissed all claims over which it has original jurisdiction . . . ." Because all federal claims have been dismissed, the Court exercises its discretion and declines supplemental jurisdiction over the remaining state law claims. *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). Therefore, NWOP's state-law claims are also dismissed without prejudice.

### V. Conclusion

Accordingly, the motion to dismiss is granted. (Doc. No. 50).

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U.S. DISTRICT JUDGE